IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM T. WULIGER, Receiver,

                Plaintiff,                Case No. 3:03 CV 1174

    -vs-

                                      MEMORANDUM OPINION
JAY BOCK,                                AND ORDER

                Defendant.

KATZ, J.

This case was filed in June 2003; there has been no answer to the complaint. Thereafter, in October 2003, Plaintiff applied for entry of default and filed his motion for default judgment. The Clerk entered default on October 31, 2003 (Doc. No. 6) and default judgment was entered on November 19, 2003 (Doc. No. 7). Nearly eight months later, this matter is before the Court on the *pro se* Defendant's motion to vacate the default judgment of November 19, 2003. Also before the Court is Plaintiff's opposition and Defendant's reply thereto. For the reasons stated below, Defendant's motion is not well taken.

**MOTION TO VACATE JUDGMENT**

The Defendant challenges the November 19, 2003 default judgment on the basis of improper service, lack of personal jurisdiction and the factual allegations contained therein.

*A. Improper Service*

Initially, the *pro se* Defendant challenges the service of process as follows:

> 1) No complaint was ever served upon me–I am told this is a fundamental requirement of our laws and that this alone should mean that the judgment must be vacated.

(Doc. No. 10, p.1.)

> Under Fed. R. Civ. P. 4(e):
>
> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States:
>
> (1) *pursuant to the law of the state in which the district court is located, or* in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Stated differently, "service of process may be conducted pursuant to the law of the state where service is sought to be effected or pursuant to the law of the forum state where the action will be adjudicated." 1 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE, § 4.90 (3d ed. 2004).

Under Ohio's civil rules, methods of service can be accomplished by certified mail. Ohio Civ. R. 4.3(B). *See also Piercey v. Miami Valley Ready-Mixed Pension Plan,* 110 F.R.D. 294, 296 (S.D. Ohio 1986). In this instance, the docket reflects a return of service executed upon the Defendant by

2

certified mail on June 20, 2003. (Doc. No. 3.) The Defendant's reply corroborates the docket entry as follows:

> I received a certified document from Mr. Wuliger in June of 2003 that I signed for from the US Postal Service. My attorney friend explained to me that this document was not something I needed to respond to because I was not served with the proper method here in Florida and that I should wait until I did receive proper notice to respond to Mr. Wuliger's demands.

(Doc. No. 16.) Despite the Defendant's erroneous belief that service was ineffective, according to the Federal Rules of Civil Procedure, this Court's Local Rule 4.2 (which addresses service under Ohio's Civil Rules) and Ohio's Rule regarding method of service, Plaintiff complied with the attendant rules to effect valid service upon the Defendant. Accordingly, the Defendant's arguments on this issue are not well taken.

*B. Personal Jurisdiction*

In support of his motion, the Defendant advocates a lack of sufficient minimum contacts with Ohio insofar as Plaintiff is unable to establish the existence of either general or specific jurisdiction.

The territorial limits of effective service are described in Federal Rule 4(k) as follows:

(1) Service of a summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant . . .
    (D) when authorized by a statute of the United States.

Where statutory authority exists for national service of process, the minimum contacts analysis is altered by applying the national contacts test *Medical Mut. of Ohio v. deSoto,* 245 F.3d 561, 566 (6th Cir. 2001). While the situation in *deSoto* involved ERISA, the Sixth Circuit used the national service provision pertaining to the Securities Exchange Act of 1934 as an example, which is equally applicable here. That provision states in pertinent part:

3

> Any suit or action to enforce any liability or duty created by this chapter or rules and regulations thereunder, or to enjoin any violation of such chapter or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found.

15 U.S.C. § 78aa. Application of a nationwide service statute has been deemed "as broad as the limits of due process under the Fifth Amendment." *In re Automotive Refinishing Paint Antitrust Litig.,* 358 F.3d 288, 299 n13 (3d Cir. 2004) (collecting cases including *United Liberty Life Ins. Co. v. Ryan,* 958 F.2d 1320, 1330 (6th Cir. 1993)). As noted by the Sixth Circuit in *deSoto*:

> [W]hen a federal court exercises jurisdiction pursuant to a national service of process provision, it is exercising jurisdiction for the territory of the United States and the individual liberty concern is whether the individual over which the court is exercising jurisdiction has sufficient minimum contacts with the United States. [] This reading of the Due Process Clause, in addition to being not inconsistent with the Court's statements in *Insurance Corp. of Ireland*, is supported by its more recent explanation of the Clause's effect. "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.' " *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

245 F.3d at 567-568. *See also D'Addario v. Geller,* 264 F.Supp.2d 367, 386-390 (E.D. Va. 2003) (nonresident defendant need not have minimum contacts with state seeking to exercise personal jurisdiction under RICO or the Securties Exchange Act statute in § 78aa, both of which had nationwide service of process provisions); *Washington Square Securities, Inc. v. Sowers,* 218 F.Supp.2d 1108, 1111-1112 (D. Minn. 2002) (under Securities Exchange Act federal district court in Minnesota had personal jurisdiction over out of state defendant where there was minimum contacts between the defendant and the United States); *Obee v. Teleshare, Inc.,* 725 F.Supp. 913, 915 (E.D. Mich. 1989).

4

Count Two of the complaint specifies a violation of the Securities Exchange Act of 1934, thereby rendering applicability of the nationwide service of process statute, 15 U.S.C. § 78aa.  While Defendant disputes he has engaged in business or has a presence in the state of Ohio, he does not dispute the factual contention that he  resides in the United States.  Accordingly, the Plaintiff has established personal jurisdiction over the Defendant and this branch of his motion is denied.

*C.  Dispute as to Merits*

Finally, the Defendant attempts to argue the merits of this litigation in defense of the claims contained in the complaint.  Having determined effective service and personal service over the Defendant, the jurisdictional issues are resolved and the default judgment will not be vacated.

## CONCLUSION

For the reasons stated above, the *pro se* Defendant's motion to vacate judgment (Doc. No. 10) is denied.

IT IS SO ORDERED.

   S/ *David A. Katz*
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE